**EDWARD G. KROWIAK, ESQUIRE**
**THOMAS W. MUNLEY, ESQUIRE**
**MICHAEL R. MEY, ESQUIRE**
**Minora Krowiak Munley Batyko**
**Attorney Id Nos. 38502, 92379, 41441**
**700 Vine Street, Scranton, PA 18510**
**Phone: 570-961-1616**
**Fax: 570-558-1110**
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Vanessa Zellers | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : CIVIL ACTION NO. | |
| | : 3:23-CV-01188-RDM | |
| Mujahid A. Ibrahim and | : | |
| Rani Express, LLC | : | |
| | : | |
| Defendants | : JURY TRIAL DEMANDED | |

## <u>NOTICE</u>

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed against you and a Judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THESE OFFICES CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THESE OFFICES MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Northern PA Legal Services**
**507 Linden Street, 3rd Floor**
**Scranton Electric Building**
**Scranton, PA 18503**
**Phone: 570-342-0184**

**Lawyer Referral Service**
**Lackawanna Bar Association**
**338 North Washington Avenue, 3rd Floor**
**Scranton, PA 18503**
**Phone: 570-969-9600**

**EDWARD G. KROWIAK, ESQUIRE**
**THOMAS W. MUNLEY, ESQUIRE**
**MICHAEL R. MEY, ESQUIRE**
**Minora Krowiak Munley Batyko**
**Attorney Id Nos. 38502, 92379, 41441**
**700 Vine Street, Scranton, PA 18510**
**Phone: 570-961-1616**
**Fax: 570-558-1110**
**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Vanessa Zellers | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. |
| | : | 3:23-CV-01188-RDM |
| Mujahid A. Ibrahim and | : | |
| Rani Express, LLC | : | |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### <u>AMENDED COMPLAINT</u>

**AND NOW COMES** the Plaintiff, Vanessa Zellers, by and through her counsel, Edward

G. Krowiak, Esquire, and complains of the Defendants as follows:

1.    Plaintiff, VANESSA ZELLERS, is an adult and competent individual currently

residing at 501 116th Avenue North, Apt. 175, St. Petersburg, Florida 33716.

2.    Upon information and belief, Defendant, MUJAHID A. IBRAHIM, is an adult

and competent individual who resides at 9130 Louisiana Avenue North, Brooklyn

Park, Minnesota 55445. Defendant, MUJAHID A. IBRAHIM is an interstate

truck driver employed by Defendant, RANI EXPRESS, LLC.

3.    Defendant, Rani Express, LLC, is a corporation organized and existing under laws

of the State of Minnesota and conducting business in the Commonwealth of

Pennsylvania as an interstate business and having a last known principal place of

business located at 6325 Camden Avenue North, Apt. 112, Minneapolis, Minnesota 55430.

4.     At all times relevant hereto Defendant, Mujahid A. Ibrahim, was acting as an agent, servant, workman and/or employee of Defendant, Rani Express, LLC.

5.     On or about September 16, 2021 at approximately 1:36 p.m. Plaintiff, Vanessa Zellers, was operating a 2018 Chevy Malibu with the permission and/or consent of her employer, and was proceeding in a lawful and prudent manner traveling Westbound in the left lane on Interstate 80, Butler Township, Luzerne County, Pennsylvania.

6.     At the aforesaid date, time and place, Defendant, Mujahid A. Ibrahim, while operating a 2006 VOLV-780 (large truck) which was owned by the said Defendant, Rani Express, LLC, with said Defendant, Rani Express, LLC's permission and/or consent and/or acting as an agent, servant, workman and/or employee of said Defendant, Rani Express, LLC, was traveling Westbound in the right lane on Interstate 80, Butler Township, Luzerne County, Pennsylvania.

7.     At the aforesaid date, time and place the said Defendant, Mujahid A. Ibrahim, suddenly and without warning failed to maintain control of his vehicle, left his lane of travel and violently struck Plaintiff's vehicle forcing Plaintiff off the roadway.

8.     The foregoing accident and all of the injuries and damages resulting there from sustained by the Plaintiff were solely caused by the negligence and carelessness of said Defendants and in no way due to the act or failure to act upon the part of the Plaintiff.

9.  The aforementioned motor vehicle accident and Defendant, Mujahid A. Ibrahim's negligence and carelessness were the factual causes of Plaintiff, Vanessa Zellers, painful and severe injuries, which include but are not limited to:

    a.  a concussion with associated chronic fatigue;

    b.  sleep disturbances;

    c.  photosensitivity;

    d.  noise effect on both inner ears;

    e.  nausea;

    f.  cervical strain/sprain;

    g.  cervicalgia;

    h.  headaches;

    i.  cervical injuries including aggravation of degenerative disc disease of C5-C6 and C6-C7;

    j.  emotional stress;

    k.  lumbar strain sprain;

    l.  L4-L5 and L5-S1 disc protrusions; and

    m.  Aggravation of underlying degenerative disc disease.

10.  Each of the aforementioned disabling injuries, losses and disabilities sustained by Plaintiff, Vanessa Zellers, are a result of the subject accident and have caused and will continue to cause significant pain for an indefinite time into the future and continue to cause great pain, agony, and suffering, both physical and mental.

11.  As a direct and proximate result of the negligent, careless and recklessly indifferent actions of Defendant, Mujahid A. Ibrahim, Plaintiff, Vanessa Zellers, was forced and will continue to be forced to undergo medical treatment and testing into the future.

12. As a further result of the aforesaid crash and injuries sustained, Plaintiff, Vanessa Zellers, has and will forever in the future be forced to spend various and substantial sums of money for medicine and medical intervention in and about endeavoring to treat and cure her injuries, all to her financial loss and damage.

13. As a result of the aforesaid crash and injuries sustained, Plaintiff, Vanessa Zellers, has been unable to go about her daily routines and occupation for periods of time.

14. As a result of the aforesaid crash and injuries sustained, Plaintiff, Vanessa Zellers, has suffered and will for an indefinite time into the future suffer physical pain, mental anguish, humiliation, embarrassment, and loss of the pleasures of everyday life.

15. As a result of the aforesaid crash and injuries sustained, Plaintiff, Vanessa Zellers, may incur financial expenses which do or may exceed amounts which she may otherwise be entitled to recover.

16. As a direct and proximate result and/or consequence of the actions or inactions of the Defendant, Mujahid A. Ibrahim, in this case, Plaintiff, Vanessa Zellers, has experienced the following damages and losses ;

   a. Past, present and future pain and suffering;

   b. Past, present and future emotional distress and mental anguish;

   c. Past, present and future medical expenses;

   d. Past, present and future loss of life's pleasures;

   e. Past, present and future disability and disfigurement; and

   f. Past, present and future loss of wages and loss of earning capacity.

17. Plaintiff, Vanessa Zellers', current disability and medical impairment will continue permanently.

18. Plaintiff, Vanessa Zellers, will require ongoing and future medical care and monitoring of her condition.

19. All the conditions, disabilities, medical impairments and/or injuries suffered by Plaintiff, Vanessa Zellers, are directly related ot the reckless actions of the Defendant, Mujahid A. Ibrahim.

20. The foregoing accident and all of the injuries and damages set forth hereinafter sustained by Plaintiff, Vanessa Zellers, are the direct and proximate result of the negligent, careless and reckless manner in which Defendant, Mujahid A. Ibrahim, operated his tractor trailer as follows:

  (a) Failure to have his vehicle under such control as to be able to stop within the assured clear distance ahead;

  (b) Failure to keep alert and maintain a proper watch for the presence of other motor vehicles on the highway;

  (c) Failure to look before changing lanes to avoid striking Plaintiff;

  (d) Failure to stay within his lane of travel;

  (e) Failure to travel at a safe speed;

  (f) Failure to yield the right-of-way to Plaintiffs' vehicle;

  (g) Failure to keep a proper watch for traffic on the roadway;

  (h) Failure to drive his vehicle with due regard for the roadway and traffic conditions which were existing and of which he was or should have been aware;

  (i) Failure to keep proper and adequate control over his vehicle; and

  (j) Driving his vehicle upon the highway in a manner endangering persons and property with careless disregard to the rights and safety of others and in violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania

## COUNT I

## NEGLIGENCE

## VANESSA ZELLERS VS. MUJAHID A. IBRAHIM and RANI EXPRESS, LLC

21.    Paragraphs one (1) through twenty (20) of the Complaint are incorporated herein by reference as if same were set forth at length.

22.    Defendant, Mujahid A. Ibrahim, negligently, recklessly and carelessly operated the aforementioned tractor trailer while a driver employed as an interstate hauler by Defendant, Rani Express, LLC, and in turn, caused the injuries, harm, damages and losses of the Plaintiff, Vanessa Zellers, as described in this Complaint.

23.    On September 16, 2021, Defendant, Mujahid A. Ibrahim, was purely negligent and/or careless in that he:

   a.    Failed to operate his tractor trailer in a safe manner;

   b.    Operated his tractor trailer at a speed which was too fast for conditions then and there existing;

   c.    Failed to remain attentive and alert at all times;

   d.    Failed to have his tractor trailer under such control to avoid the collision referenced herein;

   e.    Allowed the tractor trailer he was driving to collide and otherwise come into forcible contact with the vehicle being operated by Plaintiff, Vanessa Zellers;

   f.    Operated the tractor trailer without sufficient regard for the rights and safety of others and in such a manner so as to endanger and injure the Plaintiff, Vanessa Zellers;

   g.    Continued to operate Defendant, Rani Express, LLC's vehicle when Defendant, Mujahid A. Ibrahim, knew or should have known that further

operation of this vehicle would pose an unreasonable risk of injury and/or harm to other motorists on the roadway, including Plaintiff, Vanessa Zellers;

h. Failure to maintain a proper and adequate lookout of the roadway and traffic ahead;

i. Placing all other drivers, and Plaintiff, Vanessa Zellers, at risk as a result of the aforementioned conduct;

j. Failed to bring the tractor trailer to a complete stop within the assured distance ahead;

k. Failed to avoid the collision by taking evasive action to avoid striking the Plaintiff, Vanessa Zellers;

l. Failed to have the tractor trailer under such control to avoid the collision referenced herein;

m. Allowed the tractor trailer he was operating to collide and otherwise come into forcible contact with the vehicle being operated by Plaintiff, Vanessa Zellers, in which Plaintiff, Vanessa Zellers, was the operator;

n. Failed to sound his horn or otherwise give warning that he was about to collide with the vehicle being operated by Plaintiff, Vanessa Zellers; and

o. Failed to turn the tractor trailer aside or otherwise stop the tractor trailer prior to colliding with Plaintiff, Vanessa Zellers' vehicle.

p. Operating his commercial motor vehicle without due regard for the rights,

q. safety, and position of Plaintiffs' vehicle lawfully on the roadway;

r. Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. § 3361;

s. Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. § 3736;

t.  Operating his vehicle so recklessly that he placed Plaintiff Vanessa Zellers in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. § 2705;

u.  Operating his vehicle in a careless manner in violation of 75 Pa.C.S.A. § 3714;

v.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of New Milford Township, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

w.  Failure to adequately inspect the Tractor Trailer prior to operating the vehicle in that the brakes were out of adjustment;

x.  Failure to inspect the vehicle prior to operating the vehicle;

y.  Failure to give warning of his approach;

z.  Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. § 3361;

aa. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa. C.S.A. § 3361;

bb. Incorrectly using his brakes so that he caused his brakes to fail;

cc. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. § 392.3;

dd. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

ee. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. § 390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code § 229.14;

ff.  Failure to properly inspect his vehicle in accordance with 49 C.F.R. § 392.7;

gg. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. § 395.3;

hh. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR § 392.3;

ii.  Operating his vehicle in such a condition as to likely cause an accident or breakdown of the vehicle in violation of 49 C.F.R. § 396.7;

jj.  Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. § 396.13;

kk. Operating his vehicle in violation of the laws, ordinances and regulations of Pennsylvania and New Milford Township in violation of 49 C.F.R. § 392.2;

ll.  Operating his vehicle when he knew or should have known that he was unfit to do so;

mm.   Failure to record his duty status properly in violation of 49 CFR § 395.8; and

nn. Such other and further acts or omissions which shall be discovered during the course of discovery under the Federal Rules of Civil Procedure.

24.    Defendant, Mujahid A. Ibrahim's negligent and careless conduct was the factual cause of Plaintiff, Vanessa Zellers, severe and permanent personal injuries and damages as more fully alleged elsewhere in this Complaint.

**WHEREFORE**, Plaintiff, Vanessa Zellers, demands judgment in her favor and against Defendants, Mujahid A. Ibrahim and Rani Express, LLC, in an amount in excess of Fifty Thousand ($50,000.00) dollars with all allowable costs and interest that the law, the Court and the Jury may allow.

## COUNT II

### VICAROUS LIABILITY

### VANESSA ZELLER'S VS. RANI EXPRESS, LLC

25.   Paragraphs one (1) through thirty (24) of the Complaint are incorporated herein by reference as if same were set forth at length.

26.   As the master, principal and/or employer of Defendant, Mujahid A. Ibrahim, Defendant, Rani Express, LLC, is vicariously liable for all the tortious conduct of its agent, workman, servant and/or employee, Defendant, Mujahid A. Ibrahim, as alleged herein and is also vicariously liable for Defendant, Mujahid A. Ibrahim's tortious conduct since he was operating the tractor trailer within the scope of his employment for Defendant, Rani Express, LLC's, on highways, operating said tractor trailer under the authority of Defendant, Rani Express, LLC.

27.   The negligence, carelessness, and/or recklessness of Defendant Rani Express, LLC, individually and through its various employees, servants, agents and/or workers including Mr. Ibrahim, consisted of the following:

a.   Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including Mr. Ibrahim;

b.   Failing to train and/or properly train Mr. Ibrahim prior to allowing him to operate its VOLV-780;

c.   Hiring and/or continuing to employ Mr. Ibrahim despite the fact that he had a propensity for driving violations;

d.   Hiring and/or continuing to employ Mr. Ibrahim despite the fact that he had a propensity for violating "Rules of the Road" and FMCSR;

e.   Failing to perform alcohol and/or drug tests after the crash;

f.   Failing to do preventable analysis as recommended by the FMCSR;

g.  Failing to have an appropriate disciplinary policy within the company;

h.  Hiring and/or continuing to employ Mr. Ibrahim despite the fact that it knew or should .have known that his propensity to break the vehicular rules could and/or would put the driving public at risk;

i.  Permitting Mr. Ibrahim to operate its VOLV-780 when it knew or should have known that he was not properly qualified and/or trained;

j.  Failing to train and/or properly train Mr. Ibrahim prior to allowing him to operate its VOLV-780;

k.  Allowing Mr. Ibrahim to operate VOLV-780 in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l.  Failing to adopt appropriate employee manuals and/or training procedures;

m.  Failing to enforce both written and unwritten policies of Rani Express, LLC;

n.  Failing to ensure that its employees, drivers, and/or agents were aware of and complied with the written and unwritten policies of Rani Express, LLC;

o.  Failing to implement and/or enforce an effective safety system;

p.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

q.  Failing to ensure that is employees, drivers, and/or agents complied with the provisions of the FMCSA regulations;

r.  Failing to ensure that its employees, drivers, and/or agents were aware of and complied with rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s.  Violating the applicable rules, laws, and regulations pertaining to and governing the operation of commercial vehicles;

t.  Failing to monitor and/or regulate its drivers actions;

u.  Failing to monitor and/or regulate its drivers hours;

v.  Failing to have an. auditing system in place to audit its drivers logs, or if a system is in place, failing to use it appropriately;

w.  Failing to use a third party vendor to audit their drivers Jogs, or if they did use a third party vendor failing to use it appropriately;

x.  Failing to have policy or mechanism m place to address cumulative fatigue in its drivers;

y.  Placing more emphasis on profits than on safety of its drivers and the motor public;

z.  Knowingly violating federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles;

aa. Failing to act upon and remedy violations of FMCSA regulation 395;

bb. Failing to act upon and remedy violations of FMCSA regulation 383·

cc. Failing to act upon and remedy known violations of industry standards;

dd. Acting in conscious disregard for the rights and safety of Ms. Zellers;

ee. Failing to have appropriate policies and procedures with regard to the hiring of drivers;

ff. Failing to follow the written and/or unwritten policies and procedures with regard to the hiring of its drivers;

gg. Failing to have appropriate policies and procedures with regard to the monitoring of its drivers;

hh. Failing to follow the written and/or unwritten policies and procedures with regard to the monitoring of its drivers;

ii. Consciously disregarding federal and state law regarding the responsibilities of motor carries and the operation of commercial vehicles; and

jj. Violating all applicable provisions of the FMCSA.

28. Defendant, Rani Express, LLC, is therefore liable for Plaintiff, Vanessa Zellers, not only for compensatory damages for her injuries, harm, damages and losses, as alleged herein, but also for the punitive damages to be awarded which arise form the reckless conduct of the Defendant, Mujahid A. Ibrahim.

**WHEREFORE**, the Plaintiff, Vanessa Zellers, demands judgment in her favor and against Defendant, Rani Express, LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars with all allowable coasts, interest, and punitive damages that the law, the Court and the Jury may allow.

## COUNT III

## NEGLIGENT ENTRUSTMENT

## VANESSA ZELLERS VS. RANI EXPRESS, LLC

29. Paragraphs one (1) thorough twenty-seven (28) are hereby incorporated herein as if same were set forth at length.

30. At the time and place alleged, Defendant, Mujahid A. Ibrahim, was the permissive operator of the 2006 VOLV-780 (tractor trailer) involved in the accident, which was owned by Defendant, Rani Express, LLC.

31. The incident from which the Plaintiff, Vanessa Zellers, sustained personal injuries was a direct and foreseeable result of the negligence and carelessness of the Defendant, Rani Express, LLC, in that they:

a.  Allowed Defendant, Mujahid A. Ibrahim, to drive their vehicle when they knew or should have known that he was not competent in the operation of the vehicle;

b.  Failed to monitor and control the safe and careful operation of his vehicle; and

c.  Failed to use the degree of care and caution that the time, place and circumstances required.

32.  As a direct result of the aforesaid negligence and carelessness of the Defendant, Rani Express, LLC, Plaintiff, Vanessa Zellers, sustained the aforementioned painful and severe injuries and incurred medical expenses and other miscellaneous charges.

**WHEREFORE**, Plaintiff, Vanessa Zellers, demands judgment in her favor and against Defendant, Rani Express, LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars with all allowable costs, interests, and punitive damages that the law, the Court and the Jury may allow.

**COUNT IV**

**NEGLIGENT TRAINING**

**VANESSA ZELLERS VS. RANI EXPRESS, LLC**

33.  Paragraphs one (1) through thirty-one (32) of the Complaint are incorporated herein by reference as if same were set forth at length.

34.  Defendant, Rani Express, LLC, as noted previously within this Complaint, owed a duty of care to Plaintiff, Vanessa Zellers. Said Defendant breached their duty of care by negligently training, instructing and educating their employees on the safety and the duty of care owed to citizens and other motor vehicles on the roadway.

35.  On the day of the accident in question, all employees, agents, workmen, and servants were hired and trained through Defendant, Rani Express, LLC.

36.  The careless, negligent and indifferent conduct on the part of Rani Express, LLC's, included, but is not limited to the following:

   a.  failure to provide adequate and appropriate supervision and appropriate assistance devices to prevent accidents;

   b.  failure of Defendant to provide an environment that was free of accident hazards over which Defendant had control to provide appropriate training to employees when operating their motor vehicles to prevent accident and injuries to persons, including but not limited to the Plaintiff;

   c.  failure of Defendant to identify and evaluate the hazards and risks of Plaintiff, Vanessa Zellers, related to accidents, and implement interventions including adequate supervision and appropriate assistive devices to reduce those hazards and ricks;

   d.  failure to coordinate training programs to improve employee skills and to enhance employee performance;

   e.  acting in a grossly negligent manner, with reckless indifference to the rights and safety of the motor vehicle and persons, including but not limited to, the Plaintiff;

   f.  failure of Defendant to develop, implement and/or enforce policies and procedures for review and revision of said employee's responses to traffic scenarios on roadways;

   g.  failure of Defendant to develop, implement and/or enforce policies and procedures for monitoring and evaluating their employees responses to traffic scenarios on roadways;

    h.   failure of Defendant to develop, implement and/or enforce policies and procedures including screening, training, prevention, identification, investigation, protection and reporting misuse, neglect and harm of the vehicle speeds and vehicle control while in highway traffic; and

    i.   failure of Defendant to develop, implement and/or enforce policies and procedures for the drivers to monitor their vehicles for hazardous scenarios that may arise for motor vehicles and persons, including but not limited to, the Plaintiff.

37.    Based upon the aforementioned negligent acts by Defendant, Rani Express, LLC's, employees and/or staff, caused Plaintiff, Vanessa Zellers, to sustain severe and life-threatening injuries as listed within this Complaint.

**WHEREFORE**, Plaintiff, Vanessa Zellers, demands judgment in her favor and against the Defendant, Rani Express, LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars with all allowable costs, interest, and punitive damages that the law, the Court and the Jury may allow.

## COUNT V

### NEGLIGENT HIRING, SUPERVISION AND RETENTION

### VANESSA ZELLERS VS. RANI EXPRESS, LLC

38.    Paragraphs one (1) through thirty-six (37) of the Complaint are incorporated herein by reference as if same were set forth at length.

39.    Defendant, Rani Express, LLC, failed to take corrective measures and/or failed to hire qualified staff members to accommodate the needs of the aforementioned roadways for the safety of the persons traveling, including but not limited to, the Plaintiff.

40.     Defendant, Rani Express, LLC, knowingly placed the safety of Plaintiff, Vanessa
        Zellers, at risk, by failing to hire adequate staff and in turn, had a primary goal of
        maximizing profits over maximizing the knowledge and talent of employers
        operating their motor vehicles on the roadway, causing harm to anyone in the
        vicinity of an operating tractor trailer including but not limited to the Plaintiff.

41.     For the reasons set forth above, Defendant, Rani Express, LLC, was negligent,
        careless, and reckless in hiring, supervising, and selecting their employees, all or
        some of whom were incompetent and/or unskilled to perform essential functions
        of providing adequate safety to surrounding motor vehicles and persons, including
        but not limited to, the Plaintiff while on roadways.

42.     The negligent, careless, and reckless acts of Defendant, Rani Express, LLC,
        includes but is not limited to the following:

        a.  hiring incompetent or unskilled employees, contractors, agents and drivers;

        b.  hiring employees, contractors, agents, and drivers who did not have adequate
            and appropriate knowledge of driving protocol and procedures;

        c.  failing to supervise their employees, contractors, agents and drivers;

        d.  failing to train their employees, contractors, agents and drivers;

        e.  negligently retaining incompetent or unskilled employees, contractors, agents
            and drivers; and

        f.  failing to ensure that their employees, contractors, agents, and drivers who
            were employed by Defendant, had adequate and appropriate knowledge of
            proper hauling freight protocol and procedures, including but not limited to,
            traffic control signals, devices, markings, etc., to keep the motor vehicles and
            person, including but not limited to, the Plaintiff, safe.

**WHEREFORE**, Plaintiff, Vanessa Zellers, demands judgment in her favor and against Defendant, Rani Express, Inc. in an amount in excess of Fifty Thousand ($50,000.00) Dollars with all allowable costs, interest, and punitive damages that the law, the Court and the Jury may allow

## COUNT VI

### OUTRAGEOUS, WANTON, RECKLESSNESS, GROSS INDIFFERENCE TO THE RIGHTS OF VANESSA ZELLERS AND PUNITIVE DAMAGES

#### VANESSA ZELLERS vs. MUJAHID A. IBRAHIM

43.    Paragraphs one (1) through forty-one (42) of the Complaint are incorporated herein by reference as if same were set forth at length.

44.    In addition to the above referenced acts, the Plaintiff, Vanessa Zellers, alleges the following actions and/or inactions constitute a reckless and conscious indifference towards her rights and safety and the consequences of Defendant, Mujahid A. Ibrahim's actions further demonstrate outrageous, wanton and gross indifference as follows:

   a.    Knowingly and deliberately operating a tractor trailer in such a reckless and endangering manner, that Defendant, Mujahid A. Ibrahim, knew or should have known, that by doing so, posed an immediate and increased risk of serious injury and harm to the public, including the Plaintiff, Vanessa Zellers;

   b.    Knowingly and deliberately, through his negligent, reckless and careless conduct, acted in a conscious indifference to the rights and safety of the public, including the Plaintiff, Vanessa Zellers;

   c.    Knowingly and deliberately continued to operate the tractor trailer when Defendant, Mujahid A. Ibrahim, knew or should have known that by further

operation of said vehicle under such dangerous conditions, would pose a

continued and increased risk of serious injury and/or harm to the public,

including the Plaintiff, Vanessa Zellers;

d.  Acting with a reckless disregard for the safety and well-being of the Plaintiff,

Vanessa Zellers; and

e.  Recklessly operating an Rani Express, LLC tractor trailer when Mujahid A.

Ibrahim knew, or should have known, that he was not qualified to do so;

45.     Plaintiff, Vanessa Zellers, alleges that the conduct of the Defendant, Mujahid A.

Ibrahim, as alleged above, which is adopted herein and incorporated by reference,

constitutes a reckless and conscious indifference to the rights and safety of the

Plaintiff, Vanessa Zellers, and the consequences of Defendant, Mujahid A.

Ibrahim's actions (as herein described) further demonstrate outrageous, wanton,

and gross indifference to the rights of Plaintiff, Vanessa Zellers; as a result,

Plaintiff, Vanessa Zellers, is entitled to an award of punitive damages from

Defendant, Mujahid A. Ibrahim.

46.     The aforesaid acts of Defendant, Mujahid A. Ibrahim, manifest outrageous,

wanton, recklessly and consciously indifferent conduct on his part and caused

serious and personal injuries to Plaintiff, Vanessa Zellers, as set forth in the

preceding and proceeding paragraphs as such, and in view of Defendant, Mujahid

A. Ibrahim, conduct, as aforesaid, and in light of Plaintiff, Vanessa Zellers'

injuries, Plaintiff, Vanessa Zellers, is entitled to an award of both compensatory

damages and punitive damages against Defendant, Mujahid A. Ibrahim.

**WHEREFORE**, Plaintiff, Vanessa Zellers, demands judgment in her favor and against

Defendant, Mujahid A. Ibrahim, in an amount in excess of Fifty Thousand ($50,000.00) Dollars

with all allowable costs and interest, and such punitive damages that the law, the Court and the Jury may allow.

Respectfully Submitted:

MINORA KROWIAK MUNLEY BATYKO

BY: _____
EDWARD G. KROWIAK, ESQUIRE
Attorney for Plaintiff
Attorney Id. No. 38502

BY: _____
THOMAS W. MUNLEY, ESQUIRE
Attorney for Plaintiff
Attorney Id. No. 92379

BY: _____
MICHAEL R. MEY, ESQUIRE
Attorney for Plaintiff
Attorney ID. No. 41441

**EDWARD G. KROWIAK, ESQUIRE**
**THOMAS W. MUNLEY, ESQUIRE**
**MICHAEL R. MEY, ESQUIRE**
**Minora Krowiak Munley Batyko**
**Attorney Id Nos. 38502, 92379, 41441**
**700 Vine Street, Scranton, PA 18510**
**Phone: 570-961-1616**
**Fax: 570-558-1110**
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Vanessa Zellers | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : CIVIL ACTION NO. |
| | : 3:23-CV-01188-RDM |
| Mujahid A. Ibrahim and | : |
| Rani Express, LLC | : |
| | : |
| Defendants | : JURY TRIAL DEMANDED |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *public access Policy of the*

*Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that

requires filing confidential information and documents differently that non-confidential

information and documents.

EDWARD G. KROWIAK, ESQUIRE
Attorney Id. No. 38502

THOMAS W. MUNLEY, ESQUIRE
Attorney Id. No. 92379

MICHAEL R. MEY, ESQUIRE
Attorney ID. No. 41441

23

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, I served a true and correct copy of the foregoing Amended Complaint by electronic transmission upon the attorney(s) of record as follows:

Gary N. Stewart, Esquire
Inder D. Paul, Esquire
Attorneys for Defendants
The Payne Shoemaker Building
240 N. 3rd Street, Floor 9
Harrisburg, PA 17101
gstewart@rawle.com
ipaul@rawle.com

MINORA KROWIAK MUNLEY BATYKO

By: _____
Edward G. Krowiak, Esquire

_____
Thomas W. Munley, Esquire

_____
Michael R. Mey, Esquire

Dated:  September 18, 2023