IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA ZELLERS,<br>            Plaintiff | : | No. 3:23cv1188 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MUJAHID A. IBRAHIM and RANI<br>EXPRESS LLC, | : | |
| | : | |
|             Defendants | : | |

## MEMORANDUM

Before the court is Plaintiff Vanessa Zellers's motion to amend her complaint in this action. (Doc. 9). This matter is ripe for disposition.[1]

**Background**

This case arises out of an accident on Interstate 80 in Butler Township, Pennsylvania where Defendant Mujahid A. Ibrahim, driving a tractor-trailer owned by Defendant RANI Express, LLC ("RANI"), allegedly caused plaintiff's sedan to leave the roadway. (Doc. 1-2, Complaint, ¶¶ 5-7). Based on these facts, plaintiff filed the original complaint asserting a state law claim against Defendant Ibrahim for negligence (Count I) and a claim against Defendant RANI for negligent entrustment (Count II). (Id. ¶¶ 9-22).[2]

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

[2] On March 29, 2023, plaintiff initiated this action in the Luzerne County Court of Common Pleas. (Doc. 1-2). Defendants removed this matter based upon the parties' diversity of

In the motion to amend, plaintiff seeks leave to assert additional claims against Defendant RANI for: 1) vicarious liability (proposed Count II); 2) negligent training (proposed Count IV); and 3) negligent hiring, supervision, and retention (proposed Count V). (Doc. 12). The proposed amended complaint also asserts a separate cause of action based on the alleged outrageous, wanton, reckless, and grossly indifferent conduct of Defendant Ibrahim (proposed Count VI). (Id.)

Plaintiff also seeks to amend her negligence claim in Count I to include a direct claim against Defendant RANI while expounding on her theories of liability against both defendants. (Compare Doc. 1-2, ¶¶ 10(a)-(i) with Doc. 12, ¶¶ 23(a)-(nn)). The proposed amended complaint also amplifies plaintiff's original claims for compensatory damage, (compare Doc. 1-2, ¶¶ 9-18 with Doc. 12, ¶¶ 9-19), and requests the award of punitive damages from both defendants, (Doc. 12, *ad damnum* clauses in Counts II-VI). In opposition, defendants contend that the proposed amendments are futile.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Florida. (Doc. 1-2, Complaint ¶ 1).

---

citizenship, (Doc. 1), and filed an answer, (Doc. 3). Plaintiff then filed the instant motion to amend, (Doc. 9).

2

Defendant Ibrahim is a citizen of Minnesota and Defendant RANI is a Minnesota corporation with a principal place of business in Minnesota. (Id. ¶¶ 2-3). Additionally, the amount in controversy exceeded $75,000 at the time this matter was commenced based on the injuries alleged in the complaint. (Id. ¶¶11-18). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeded $75,000 at the commencement of the action, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)). The court applies federal procedural law under the Erie doctrine, not state procedural law. Id.

3

**Legal Standard**

Leave of the court or consent of the defendants is required under Federal Rule of Civil Procedure 15(a)(2) when a party seeks to amend a pleading outside of the timeframe when Rule 15(a)(1) allows one amendment as a matter of course. Under Rule 15(a)(2), courts are instructed to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

Leave to amend should be freely given absent any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [they] ought to be afforded an opportunity to test [their] claim on the merits." Id.

Defendants argue that the proposed amendments raise futile claims. "In assessing futility [of amendment], the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)(citation and internal quotation marks omitted). "By adhering to a Rule 12(b)(6) standard, the court is assured

4

that any new claims, without true merit, will fail." Provenzano v. Integrated Genetics, 22 F.Supp.2d 406, 411 (D.N.J. 1998) (citations omitted).

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**Analysis**

Plaintiff's proposed amended complaint seeks to assert punitive damages claims against both defendants and add several corporate negligence claims against Defendant RANI.[3] While the defendants object to the motion to amend

---

[3] Under the Local Rules of Civil Procedure for the Middle District of Pennsylvania, "[w]hen a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed. . .in the Electronic Filing System[] as an attachment to the motion." M.D. PA. L.R.

5

generally, their arguments focus on the alleged futility in these two areas.  In addressing defendants' arguments, the court will consider whether plaintiff's proposed amendment states a claim for punitive damages before turning to the corporate negligence claims proposed against Defendant RANI.

### 1. Punitive Damages

This matter involves negligence-based causes of action arising out of an accident involving a tractor-trailer with proposed claims that the driver and trucking company acted with the states-of-mind that permit recovery of punitive damages.  Under Pennsylvania law, punitive damages may be awarded by a factfinder for torts that are committed willfully, maliciously, or so carelessly as to indicate wanton disregard for the rights of the party injured.  Bert Co. v. Turk, 298 A.3d 44, 61 (Pa. 2023)(citation omitted).  Punitive damages may also be

---

15.1(a). Additionally, "[t]he party filing the motion [to amend]. . shall provide: (1) the proposed amended pleading as set forth [in Local Rule 15.1(a)], and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." M.D. PA. L.R. 15.1(b).

Plaintiff did not attach a copy of the proposed amended complaint to the motion to amend in violation of Rule 15.1.  Rather, she filed it as a separate "amended complaint" in the ECF. (Doc. 12).  Additionally, plaintiff did not include a copy of the complaint complying with the requirements of Rule 15.1(b).

Plaintiff's non-compliance with the Local Rules in this instance does not foreclose the court from reaching the merits of the motion to amend the complaint.  Plaintiff, however, is directed to comply with the Local Rules moving forward.

awarded based on a defendant's reckless indifference to the rights of others. See id. (quoting Restatement (Second) of Torts § 908(2)); see also Hutchison ex rel. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005)(collecting cases setting forth the standard governing the award of punitive damages in Pennsylvania).

"[W]hen assessing the propriety of the imposition of punitive damages, '[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.' " Hutchison, 870 A.2d at 770 (quoting Feld v. Merriam, 485 A.2d 742, 748 (Pa. 1984)). "Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Id. at 772 (citation omitted).

Accordingly, a plaintiff's punitive damages claim must contain "components relating to a defendant's conduct *and* [their] state of mind." Guy v. Eliwa, 4:23-CV-00412, 2023 WL 5916468, at *5 (M.D. Pa. Sept. 11, 2023)(Brann, J.)(emphasis in original). Regarding the state-of-mind facts necessary to plead a claim for punitive damages in a federal action, Federal Rule of Civil Procedure 9(b) imparts that "[m]alice, intent, knowledge, and other conditions of a person's

7

mind may be alleged generally." FED. R. CIV. P. 9(b). Regarding the pleading of a defendant's conduct, "[e]ach allegation must be simple, concise, and direct[,]" FED. R. CIV. P. 8(d), and include "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" FED. R. CIV. P. 8(d).

As alleged here regarding Defendant Ibrahim's conduct, he "suddenly and without warning failed to maintain control of his vehicle, left his lane of travel and violently struck [p]laintiff's [vehicle] forcing [p]laintiff off the roadway." (Doc. 1-2, ¶ 7, Doc. 12, ¶ 7).[4] In the proposed amended complaint, plaintiff also alleges Defendant Ibrahim "[k]nowingly and deliberately operat[ed] a tractor trailer in such a reckless endangering manner that [Defendant Ibrahim] knew or should have known, that by doing so, posed an immediate and increased risk of serious injury and harm to the public including the [p]laintiff[.]" (Doc. 12 ¶ 44a; see also ¶ 44b (knowingly acting with conscious indifference to the safety of the public); ¶ 44c (knowingly continuing to operate the tractor trailer in dangerous conditions)). Similarly, plaintiff's proposed amendment addresses the conduct of Defendant RANI and its state of mind in seeking punitive damages in Counts III-V. (See e.g.

---

[4] The proposed amended complaint also sets forth a long list of alleged violations of the Pennsylvania Motor Vehicle Code and the Federal Motor Carrier Safety Regulations ("FMCSR"). (Doc. 12, ¶¶ 23r, t, u, z, aa, cc-kk, mm).

8

Doc. 12, ¶¶ 36a-i, 40, 42a-f). Since plaintiff specifically alleges tortious conduct by the defendants and may aver their intent or recklessness generally, plaintiff's proposed amendments plausibly set forth a claim for punitive damages against the driver and the company.

"Under Federal law, 'it is rare to dismiss a claim for punitive damages in motor vehicle accident cases at the outset of litigation .... courts have generally deemed [] motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct.' " Guy, 2023 WL 5916468, at *6 (M.D. Pa. Sept. 11, 2023)(quoting Crandall v. Ballou, No. 3:22-cv-01843, 2023 WL 3136408 at *3, (M.D. Pa. Apr. 27, 2023)(Wilson, J.); see also Ehrenberg v. Lisk Trucking, Inc., 3:18-CV-007, 2018 WL 6238069, at *5 (M.D. Pa. Nov. 8, 2018)(Carlson, M.J.)(collecting cases), report and recommendation adopted, 2018 WL 6205947 (M.D. Pa. Nov. 28, 2018)(Mariani, J). Because any motion to dismiss plaintiff's claims for punitive damages in this case would be premature, it cannot be said that amendment would be futile, particularly where the proposed amendment complies with the pleading rules and discovery will better resolve any question regarding the defendants' mental states. Accordingly, plaintiff's

9

motion to amend the complaint will be granted to include allegations that may allow for the recovery of punitive damages.

## 2. Claims Against the Trucking Company

Defendants also argue that plaintiff's additional proposed corporate negligence claims against Defendant RANI are futile based upon their admission that Defendant Ibrahim was acting within the course and scope of his duties as an employee of Defendant RANI. Accordingly, per defendants, their vicarious liability admission causes plaintiff's proposed claims against the trucking company for negligent hiring, training, supervision, and retention to fail as a matter of law. (Doc. 3, Answer, ¶ 4; Doc. 13, Br. in Opp., at p. 6). The court disagrees.

Decisions in this district stand for the proposition "that when an employer admits that its employee was acting within the scope of employment at the time of the accident and there is no viable claim for punitive damages, then the plaintiff may not pursue direct liability claims against the employer." Villagran v. Freightbull, Inc., 22-cv-2159, --- F. Supp. 3d ----, 2023 WL 6690700, at *3 (E.D. Pa. Oct. 12, 2023)(citing Sterner v. Titus Transp., No. 10-cv-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013)(Caputo, J.)). "The principal rationale is

10

that proceeding on the direct liability claim 'would allow the introduction of evidence of prior accidents of the driver, highly prejudicial, irrelevant and inadmissible in the cause of action based on imputed negligence of the driver.' " Id. (quoting Calhoun v. Van Loon, No. 12-cv-458, 2014 WL 3428876, at *4 (M.D. Pa. July 11, 2014)(Mariani, J.)). The exception to this rule is when a plaintiff has a valid claim for punitive damages. Calhoun, 2014 WL 3428876 at * 4 (citing Sterner, 2013 WL 6506591, at *3). Here, plaintiff will be permitted to request punitive damages in her amended complaint. Defendants' arguments that nothing can be gained from plaintiff's corporate negligence claims thus fall short.

Furthermore, even in the absence of a punitive damages claim, "a more nuanced analysis is required[,]" in considering the viability of direct corporate negligence claims when agency is admitted. Villagran, 2023 WL 6690700 at *1. Rather, dismissal of corporate negligence claims "need not invariably follow from the preclusion of punitive damages." Id. Instead, "the issue should be addressed through the lens of Federal Rule of Evidence 403, under which probative value is weighed against unfair prejudice." Id. Only when that balancing test actually results in "peripheral" or "wholly unrelated" evidence against the company relative to the actions of the driver or the facts of the accident, then the dangers

11

of unfair prejudice would justify the dismissal of claims for negligent hiring, training, supervision, and entrustment, not a "blanket rule." Id. at *4-*5. Accordingly, on a motion to amend early in the litigation, the court cannot see the futility of plaintiff's proposed claims for negligent hiring, training, supervision, and retention against Defendant RANI.

In opposition to this motion, however, defendants seek to fast-forward this matter to the summary judgment phase. They advance their futility arguments by asserting that Defendant Ibrahim was an owner-operator of the tractor-trailer involved in the accident, that is, he is the sole owner of Defendant RANI. Although the claim that Defendant RANI is solely owned by Defendant Ibrahim exists outside the pleadings to date, this argument undercuts defendants' overall position that the amendment should be denied. If the defendants are essentially one and the same, then Defendant RANI's operational methods, safety practices, and FMCSR compliance potentially become more relevant to plaintiff's claims against Defendant Ibrahim for negligence and recklessness in causing the accident. Based on this argument from defendants, the appropriate course of action is to permit the amendment, let the parties engage in discovery, and address prejudice arguments or any potential redundancies in plaintiff's claims

12

on summary judgment or at the time of trial. Accordingly, plaintiff's motion to amend will be granted and plaintiff shall be permitted to assert corporate negligence claims against Defendant RANI.

**Conclusion**

For the reasons set forth above, plaintiff's motion to amend (Doc. 9) is granted. The Clerk of Court is directed to accept plaintiff's amended complaint (Doc. 12) as filed of the date of this decision and mark the docket appropriately. Defendants shall file an answer or other responsive pleading according to the timeframes established in the Federal Rules of Civil Procedure.

Date: 4/2/24

JUDGE JULIA K. MUNLEY
United States District Court